UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

CHARLIE HERNANDEZ MEDINA,
Plaintiff,

v.

SERVICIOS CORRECCIONALES DE
PUERTO RICO, et al,
Defendants.

Civil No. 97-2574 (HL)

## ORDER

Before the Court is Plaintiff Charlie Hernández Medina's ("Hernández") *pro se* claim pursuant to 42 U.S.C. § 1983. Hernández is a prisoner at the Ponce prison. Defendant is the Servicios Correccionales de Puerto Rico ("Servicios Correccionales"), the company which manages the Ponce Prison.[1] Hernández claims that his constitutional rights were violated when, during a prison riot in August 1997, his personal belongings were either lost, thrown out or taken by prison officials. This is a claim for a due process violation. He also claims that following the riot he was not allowed to shower; he was improperly fed; and he was forced to sleep on the floor. It is unclear from Hernández' numerous filings how long these conditions last -- he makes different allegations as to their duration. The high end is a month and a half, the low end is two days. At any rate, Hernández does not allege that these conditions continue. The Court treats this latter allegation as a claim for an Eighth Amendment violation.

---

[1] Originally, the Puerto Rico Department of Corrections and the Puerto Rico government were also named as defendants. In an earlier order, the Court dismissed the claims against them on Eleventh Amendment grounds. *See* docket no. 3.




AO 72A
(Rev.8/82)

Civil No. 97-2574 (HL)                                    2

In response to a Court order, Servicios Correccionales has filed a copy of the regulations for the grievance procedure available to prisoners who have lost property. It has also filed a sworn statement by Marla Rivera, the corrections officer in charge of prisoner grievances at the Ponce prison. Rivera states that Hernández did not file a grievance for the property which he claims was lost in the August 1997 riot. Docket no. 31. A state actor's deprivation of an individual's property interest is not a constitutional violation if a meaningful post-deprivation remedy is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). If adequate post-deprivation remedies are afforded to a claimant, the section 1983 claim will be precluded. *Lowe v. Scott*, 959 F.2d 323, 340 (1st Cir. 1992).

The regulations submitted by Servicios Correccionales indicate that Hernández had an adequate post-deprivation remedy for his lost belongings. Thus, it does not appear that he has suffered a due process violation. However, because the Court is raising this issue sua sponte, Hernández shall be afforded an opportunity to address it. *See Penobscot Indian Nation v. Key Bank of Maine*, 112 F.3d 538, 562 (1st Cir. 1997) (A district court may grant summary judgment sua sponte, but only after it affords the targeted party appropriate notice and opportunity to respond). The Court hereby orders him to show cause by **March 15, 2000**, why his claim for the loss of his property should not be dismissed on the grounds that he had available to him an adequate post-deprivation remedy. The Court emphasizes that Hernández does not need to show what exactly he did lose or the value of the lost property. The lost property itself is not the constitutional

AO 72A
(Rev.8/82)

Civil No. 97-2574 (HL)                                    3

violation; rather, a due process violation would arise only if Hernández was denied an adequate post-deprivation remedy. *See Lowe*, 959 F.2d at 340.

With regard to Hernández' Eighth Amendment claim, it is unclear from the record whether he ever filed an internal administrative grievance for that claim. Under recent amendments to the statutes governing prisoners' civil rights claims, no action may be brought "with respect to prison conditions" until the prisoner exhausts the available administrative remedies. 42 U.S.C.A. § 1997e(a) (West Supp. 1999). This requirement applies even for prisoners seeking money damages. *See, e.g., Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Alexander v. Hawk*, 159 F.3d 1321, 1325-27 (11th Cir. 1998); *Feliciano v. Servicios Correccionales*, __ F.Supp.2d __ 2000 WL 20904, at *2-3 (D.P.R. Jan. 10, 2000); *Langford v. Couch*, 50 F.Supp.2d 544, 546-49 (E.D.Va. 1999); *Sallee v. Joyner*, 40 F.Supp.2d 766, 769-72 (E.D.Va. 1999); *Smith v. Stubblefield*, 30 F.Supp.2d 1168, 1170-74 (E.D.Mo. 1998); *Beeson v. Fishkill Correctional Facility*, 28 F.Supp.2d 884, 892-96 (S.D.N.Y. 1998); *Funches v. Reish*, 1998 WL 695904, at *7-9 (S.D.N.Y. Oct. 5, 1998); *Moore v. Smith*, 18 F.Supp.2d 1360, 1364 (N.D.Ga. 1998); *Melo v. Combes*, 1998 WL 67667, at *3 (S.D.N.Y. Feb. 18, 1998); *Gibbs v. Bureau of Prison Office*, 986 F.Supp. 941, 943-44 (D.Md. 1997). Accordingly, the Court hereby **orders** Hernández to show cause by **March 15, 2000**, why his entire claim, including his claim for Eighth Amendment violations, should not be dismissed on the grounds that he failed to exhaust his administrative remedies.

AO 72A
(Rev.8/82)

Civil No. 97-2574 (HL)                                    4

The Court also **orders** Defendant Servicios Correccionales to file a motion by **February 28, 2000**, informing the Court whether Hernández filed any administrative grievances for the damages he claims in the present cause of action. The motion should be accompanied by an affidavit from Marla Rivera or another prison official with knowledge of the grievance procedure.

WHEREFORE, the Court orders Hernández to show cause by March 15, 2000, why his claim should not be denied for the reasons set forth above.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 3, 2000.

HECTOR M. LAFFITTE
Chief U.S. District Judge

AO 72A
(Rev.8/82)